Nathaniel Clark (SBN 276621)
nathaniel.h.clark@gmail.com
Seaton Tsai (SBN 271408)
seaton.tsai@gmail.com
444 So. Flower Street, Suite # 2300
Los Angeles, California 90071
Telephone: (626) 673-5180
ATTORNEYS FOR PLAINTIFF NAZARETH M. HAYSBERT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZARETH M. HAYSBERT, an individual, <br><br> Plaintiff, <br> vs. <br><br> NAVIENT SOLUTIONS, INC., a Delaware corporation, and DOES 1-10, <br><br> Defendants. | CASE NO. <br><br> (1) TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*; <br> (2) FAILURE TO IDENTIFY, 47 C.F.R. § 64.1200, *ET SEQ.*; <br> (3) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*; <br> (4) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. § 1788, *ET SEQ.* <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Nazareth M. Haysbert ("Plaintiff") alleges the following upon information and belief and personal knowledge:

### NATURE OF THE CASE

1. Plaintiff seeks damages and any other available legal or equitable remedies resulting from the illegal actions of Navient

Solutions, Inc., and other presently unknown parties ("Defendants") in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line and negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice message in the inception of the same phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § *et seq.* ("FDCPA"), thereby violating Plaintiff's statutory rights, and invading his right to privacy, without his express written, implied, and/or oral consent.

2. Congress enacted the Telephone Consumer Protection Act in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of consumer complaints" regarding "telemarketing calls and communications" made to both residential and wireless phones.[1] Today, over 91% of American adults own cellular phones.[2] Over 39% of adults live in wireless *only* homes with no landline.[3]

3. The TCPA specifically prohibits the use of automatic dialing machines to contact consumers on their cellular phones without the express prior consent of the called party. (47 U.S.C. § 227(b), *et seq.*) The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (*Ibid.*)

---

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id.* at 1969; *see, also* PL 102-243, December 20, 1991, 105 Stat 2394.
[2] *See,* http://www.pewresearch.org/fact-tank/2013/06/06/cell-phone-ownership-hits-91-of-adults.
[3] *See,* http://www.cdc.gov/nchs/data/nhis/earlyrelease/wireless201407.pdf

[COMPLAINT FOR STATUTORY AND ACTUAL DAMAGES]

2

4. Defendants knowingly and willfully caused an autodialer to dial Plaintiff's cellular phone and/or used a pre-recorded voice message in telephone calls to Plaintiff's cellular phone on at least 100 occasions throughout the four years prior to the filing of this Complaint. Defendants called Plaintiff's cellular phone using various numbers, including 317-550-5612; 765-637-0801; 817-591-7641; 805-080-9234; and 850-023-1111, amongst others presently unknown.

5. Defendants called Plaintiff's cellular phones three or more times a day with the intent to harass Plaintiff for the purpose of collecting a debt. Defendants continued to harass Plaintiff by calling him multiple times a day even after Plaintiff demanded Defendants stop calling him.

6. For example, on April 8, 2015, Defendants used an autodialer and pre-recorded voice message to use the number 317-550-5612 to call Plaintiff's cellular phone at 8:07 A.M.; 9:25 A.M; and 8:09 P.M. The voice message used by Defendants stated the following:

> "This is an important message for Nazareth Haysbert. This is Jamie Smith with Navient. We need to speak with you as soon as possible. We have some very important information regarding your business with Navient. In going over the file your previously arranged program requires attention. We would encourage you to give our office a call as soon as possible. . . ."

7. Defendants further violated the TCPA by failing to comply with its requirement that "(a)ll artificial or prerecorded voice telephone messages shall: (1) at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with

the State Corporation Commission (or comparable regulatory authority) must be stated". (47 C.F.R. § 64.1200(b)(1).)

8. Each and every call made by Defendants was made using an auto-dialer and a pre-recorded voice message and was made for the purpose of harassing, annoy, abuse, and oppress Plaintiff to collect a debt assigned to Defendants.

9. Plaintiff never consented, either implicitly or explicitly, to be contacted by Defendants in any form, let alone through the use of an automatic dialer and/or pre-recorded voice message for telemarketing purposes.

10. Plaintiff did not provide his number during any transaction for which Defendants contacted Plaintiff. Defendants found Plaintiff's number through alternative means unknown to Plaintiff and intentionally called him at that number despite knowing the number was not obtained during any transaction for the purpose of which Defendants called Plaintiff.

11. Plaintiff does not have a business relationship with Defendants under the meaning of 47 U.S.C. §§ 227(a)(2); 227(a)(4) that excuses Defendants from the above-described violations of the TCPA and never agreed to be contacted by Defendants with an autodialer or pre-recorded voice message.

12. Plaintiff is entitled to statutory damages for Defendants' willful and repeated use of automated dialing systems and/or pre-recorded voice messages to dial Plaintiff's cellular phone for telemarketing purposes without his consent.

13. Plaintiff is entitled to statutory damages for <u>each and every TCPA violation</u>, regardless of whether Defendants committed multiple violations within a single phone call.

14. The phone calls to Plaintiff's cellular phone wasted Plaintiff's time, invaded his privacy, caused undue annoyance and stress, and wasted the use of a cellular phone service at Plaintiff's expense.

15. Upon information and belief, Defendants maintain, or have the ability to maintain, some form of record of when a called party opts out or wishes to no longer be contacted, but Defendants consciously ignore those records. Plaintiff never opted to be contacted by Navient, and Navient Plaintiff's opt-out requests.

16. All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

17. All pre-recorded voice messages were "artificial or prerecorded voice[s]" under the meaning of 47 U.S.C. § 227(b)(1)(A).

18. Moreover, all of the calls to Plaintiff's cellular phone were calculated to collect a consumer debt under the meaning of the FDCPA and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 *et seq.* ("Rosenthal Act").

19. Defendants at all times were acting as debt collectors under the meaning the FDCPA and Rosenthal Act. Plaintiff at all times was a protected consumer under the FDCPA and Rosenthal Act.

20. Defendants violated the FDCPA by violating the TCPA while collecting a debt, which constitutes an harassment, oppression, and abuse under the FDCPA. (15 U.S.C. § 1962d.)

21. Defendants violated both FDCPA and Rosenthal Act by repeatedly calling Plaintiff with the intent to annoy and harass for the purpose of collecting a debt. (Cal. Civ. § 1788.11; 15 U.S.C. § 1962d.)
///

# JURISDICTION

22. This Court has federal question jurisdiction because this case arises out of Defendants' violations of the TCPA, FDCPA and Rosenthal Act upon Plaintiff.

23. Venue is proper because Plaintiff, at the time of the violation, resided and was present in this judicial district, in which Defendants also currently conduct business and have availed themselves to jurisdiction by knowingly and/or willfully violating the TCPA within this judicial district by contacting Plaintiff on his cellular phone.

# PARTIES

24. Plaintiff is a natural person who resided in Los Angeles county in the State of California at the time of the violations.

25. Defendant Navient Solutions, Inc., is a Delaware corporation that has availed itself to the jurisdiction of California and this Court by virtue of transmitting telephone calls that violate the TCPA, FDCPA, and Rosenthal Act to Plaintiff's cellular phone while he resided in Los Angeles.

26. All Defendants conduct business in California through the Internet and telephone solicitation, and knowingly violated the TCPA within Los Angeles County.

27. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

28. All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave

1  to amend the Complaint to reflect the true names and capacities of the
2  DOE defendants when such identities become known.

### FIRST CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 *et seq.*

29. Plaintiff repeats and incorporates by reference into this cause of action, every other allegation in this complaint.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227 *et seq.* cited herein.

31. The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

> "Restrictions on use of automated telephone equipment
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> 
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> 
> . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
> 
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for

emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);
(47 U.S.C.A. § 227(b).)

32. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

## SECOND CAUSE OF ACTION

*Failure to Identify Calling Party*

Violation of the Telephone Consumer Protection Act

47 U.S.C. § 227 *et seq*; 47 C.F.R. § 64.1200(b)(1)

33. Plaintiff repeats and incorporates by reference into this cause of action, every other allegation in this complaint.

34. Defendants do not maintain a proper written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq.*)

35. Defendants violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.*, including the requirement that Defendants identify themselves by the name used by Defendants for registration with the Secretary of State. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation.

///
///
///
///

## THIRD CAUSE OF ACTION

### Violations of the Federal Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

36. Plaintiff repeats and incorporates by reference into this cause of action, every other allegation in this complaint.

37. Defendants actions violated 15 U.S.C. § 1692 by violating the TCPA while collecting a debt, which constitutes an harassment, oppression, and abuse under the FDCPA. (15 U.S.C. § 1962d.)

38. Defendants violated the FDCPA by repeatedly calling Plaintiff with the intent to annoy and harass for the purpose of collecting a debt. (Cal. Civ. § 1788.11; 15 U.S.C. § 1962d.)

## THIRD CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act
### Cal. Civ. § 1788 *et seq.*

39. Plaintiff repeats and incorporates by reference into this cause of action, every other allegation in this complaint.

40. Defendants violated the Rosenthal Act by repeatedly calling Plaintiff with the intent to annoy and harass for the purpose of collecting a debt. (Cal. Civ. § 1788.11.)

41. Defendants violated the Rosenthal Act intentionally violating the TCPA for purposes of collecting a debt.

## PRAYER FOR RELIEF

42. WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

   I. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in

statutory damages <u>per violations</u> that were at least willful or knowingly committed;

II.  As a result of Defendants' violations of *Cal. Civ.* § 1788, *et seq.*, Plaintiff is entitled to $100.00 to $1,000.00 per violation plus reasonable attorney's fees.

III. As a result of Defendants' violations of 15 U.S.C. § 1692, *et seq.*, Plaintiff is entitled to $1,000.00 per violation plus reasonable attorney's fees.

IV.  For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

V.   For actual damages according to proof;

VI.  For costs and attorney's fees;

VII. And for any other relief that the Court deems just.

June 2, 2015      By    <u>*/s/Nathaniel Clark*</u>
                        Nathaniel Clark, Esq.
                        Seaton Tsai, Esq.
                        ATTORNEY FOR PLAINTIFF NAZARETH M. HAYSBERT